THE STATE OF MISSOURI, Respondent, v. THOMAS MOORE, Appellant.

Kansas City Court of Appeals, November 9, 1896.

1. **Information**: AFFIDAVIT: VARIANCE. H.'s affidavit was filed with an information before a justice of the peace. The information recited that it was on the affidavit of H. and another. *Held*, the variance was not sufficient to warrant the quashing of the information.

2. ——: ——: SURPLUSAGE. Where the affidavit is sufficient, though not in technical form, an information thereon, which goes further and charges more than the affidavit will warrant, will be sustained and the extra matter *held* mere surplusage.

3. ——: ELECTION. In this case the information charged but one offense, and the motion to require the state to elect upon which ground it would proceed, was properly overruled.

*Appeal from the Polk Circuit Court.*—HON. ARGUS COX, Judge.

AFFIRMED.

*Rechow & Pufahl* for appellant.

(1) The information purports to be based upon the affidavit of M. G. Hook and S. R. Hook. No such affidavit accompanies the information, and the motion to quash should have been sustained. R. S. 1889, sec. 4329; *State v. White,* 55 Mo. App. 359. (2) There is a fatal variance between the affidavit and the information. *State v. Cornell,* 45 Mo. App. 95; *City of Galt v. Elder,* 47 Mo. App. 169; *State v. Gallego,* 57 Mo. App. 515. (3) The affidavit is insufficient (*State v. Gallego, supra*) and is not cured by a valid information. *State v. Cornell,* 45 Mo. App. 95; *State v. Gartrell,* 14 Ind. 280; *State v. Beebe,* 83 Ind. 171; *State v. Davidson,* 46 Mo. App. 10. (4) The information charges a number of separate offenses in one count and is bad for duplicity, and therefore defendant's motion to require the state to elect on which ground it would proceed should have been sustained. *State v. Green,* 24 Mo. App. 228; *State v. Harrison,* 62 Mo. App. 112. (5) Each subdivision of the statute creates a separate offense, and the motion to quash the information should have been sustained for that reason. *State v. Smith,* 24 Mo. App. 413; *State v. Bach,* 25 Mo. App. 556; *State v. Clevenger,* 20 Mo. App. 628; *State v. Flint,* 62 Mo. 400; *State v. Sekrit,* 32 S. W. Rep. 978.

*J. D. Abbe* for respondent.

No brief for respondent.

GILL, J.—Defendant was convicted of disturbing the peace of M. G. and S. R. Hook, the jury fixing his punishment at a fine of $5, and an appeal was taken to this court. Several technical objections to the proceedings are raised, but in none of them do we find any substantial reasons for disturbing the judgment.

The affidavit filed with the information before the justice was made by M. G. Hook, but in the body of the information it is recited that it was "upon the affidavit of M. G. Hook and S. R. Hook," the prosecution was instituted; and for this mere misrecital, it is contended, the information ought to have been quashed. We do not think so. The affidavit of one of the parties whose peace was disturbed was sufficient to put the prosecution in motion and to justify the state's attorney in filing an information. And the fact that the affidavit of M. G. Hook was deposited along with the information shows that it was the paper that served as the groundwork for the prosecution; there could be no mistaking the source of the information upon which the state's officer acted.

We think, too, the affidavit was otherwise sufficient. Though not in the technical form, derhaps, required of an indictment, it sets out the substantial facts required to criminate the defendant. And while the information filed by the prosecuting attorney went further than the affidavit and charged more than the affidavit would warrant, yet this is no ground for quashing the information, since the charges contained in the affidavit are fully and completely set out in the information. The two papers are, in this respect, entirely harmonious.

The extra matter set up in the information may then be-considered merely surplusage. And so the court treated the matter, since, in its instructions to the jury, the case was confined to the charges common to affidavit and information.

There was but one offense charged in the information, to wit, disturbing the peace of M. G. and S. R. Hook, and hence there was no place for the defendant's motion requiring the state to elect upon what ground it would proceed against the defendant.

There was ample evidence to sustain the jury's finding; and as we discover no prejudicial error in the record, the judgment will be affirmed. All concur.